UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD G. TURAY,<br><br>           Plaintiff,<br><br>     v.<br><br>KELLY CUNNINGHAM, CATHI HARRIS, and CHAPLAIN GREG DUNCAN,<br><br>           Defendants. | No. C10-5493 BHS/KLS<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. Dkt. 1-2. Having carefully reviewed Plaintiff's motion, and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

ORDER DENYING MOTION FOR COUNSEL - 1

U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff maintains that he should be appointed counsel because the issues in his case are complex, he is not versed in the law, and has limited resources. Dkt. 1-2.

Plaintiff alleges that his request to attend his father's funeral was denied contrary to Washington state law allowing release for that purpose and in violation of his Eighth Amendment rights. Dkt. 1-1, p. 4. This issue is not a complex one. In addition, Plaintiff has demonstrated an adequate ability to write and articulate his claims *pro se*. He has not shown a likelihood of success on the merits aside from his conclusory statements that his case has merit.

ORDER DENYING MOTION FOR COUNSEL - 2

1  Accordingly, Plaintiff's motion to appoint counsel (Dkt. 1-1) is **DENIED**. The Clerk is
2  directed to send copies of this Order to Plaintiff.

3

4  DATED this  1st  day of August, 2010.

5

6  Karen L. Strombom
   United States Magistrate Judge

7

ORDER DENYING MOTION FOR COUNSEL - 3