UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD G. TURAY,<br><br>              Plaintiff,<br><br>  v.<br><br>KELLY CUNNINGHAM, CATHI HARRIS, and CHAPLAIN GREG DUNCAN ,<br><br>              Defendants. | NO. C10-5493 BHS/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND |

Before the court is Plaintiff's "Amended Claim." ECF No. 30. Defendants object to the amendment. ECF No. 31. Having reviewed the motion, objection and balance of the record, the court finds that the motion to amend should be denied.

**BACKGROUND**

Mr. Turay filed his original complaint in this action on July 12, 2010. ECF No. 5. The defendants filed their waivers of service between August 17 and August 24, 2010. ECF Nos. 9, 10, 13. On October 5, 2010, the defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative Rule 56(b), in lieu of an answer to the complaint. ECF No. 14. Mr. Turay responded, raising causes of action not included in his original complaint (*i.e.*, (1) retaliation for exercising his First Amendment right to access the courts,

(2) violation of equal protection, (3) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments, and (4) violation of the United Nations Convention Against Torture.  ECF No. 17.

      The court converted the defendants' motion into one for dismissal pursuant to Rule 56(b) and gave the defendants an opportunity to file additional briefing.  ECF No. 21.  Defendants filed their answer to the original complaint on December 3, 2010.  ECF No. 23.  Thereafter, the defendants submitted their Rule 56(b) motion for summary judgment on December 9, 2010 (ECF No. 24) noting the motion for hearing on January 7, 2011.  The Defendants' motion addresses the causes of action mentioned in Mr. Turay's response to the Defendants' original Rule 12(b)(6) motion, although those claims were not included in Mr. Turay's original complaint.   ECF Nos. 17 and 24.

      Mr. Turay did not file a response to Defendants' motion for summary judgment.  Instead, he filed the document entitled "Amendment to Claim," requesting that he be allowed to assert damages in "the arbitrary figure of one million dollars."  ECF No. 22.  The court denied the request because the rules do not require amendment to insert an "arbitrary" amount of damages and because Mr. Turay did not submit an amended complaint that would operate as a complete replacement to his original complaint.  ECF No. 27, p. 2.  The court also noted the pending summary judgment motion and stated that the proposed amendment did not change the substance of the claims asserted.  *Id.*, p. 3.

      On January 6, 2011, Mr. Turay filed an "Amended Claim."  ECF No. 30.  He failed to serve Defendants with this document.  *Id.*, p. 3.  The court treated this as a motion to amend

and noted it on the docket for consideration to allow Defendants to respond to the proposed amendment.

**DISCUSSION**

A party may amend its pleading once as a matter of course within 21 days after serving it. Fed R. Civ. P. 15(a)(1)(A). When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move to amend, but failure to amend does not affect the result of the trial on that issue. Fed. R. Civ. P. 15(b)(2).

A party may amend its complaint with leave of the Court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

"In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" *United States, ex. rel., Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (cite omitted). *Id*. In deciding whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Mr. Turay did not amend his complaint within 21 days after the defendants waived service of the complaint between August 17 and August 24, 2010. The defendants have

ORDER — 3

impliedly consented to address the issues Mr. Turay now seeks to include in his complaint by addressing them in their Rule 56(b) motion to dismiss.  ECF No. 24.  Defendants argue, and the court agrees, that Mr. Turay's proposed amended complaint would otherwise fail because he names three defendants, but asserts facts regarding only Defendant Cuningham.  ECF No. 30.  Moreover, Defendants have twice moved for dismissal.  The court finds that Defendants would be prejudiced by having to again answer an insufficient amended complaint, at taxpayer expense, and potentially have to incur the expense to draft and file yet another motion to dismiss.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to amend (ECF No. 30) is **DENIED.**

(2) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  18th  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge